DANIEL *et al. v.* MITCHELL.

No. 9827. September 21, 1934.

*John C. Parker* and *Clifford E. Hay,* for plaintiffs.
*Titus & Dekle,* for defendant.

Russell, C. J.   After verdict in favor of the plaintiffs on the first trial of this case, the court granted a new trial, and the judge expressed the view that the verdict was contrary to the law and the evidence, and that a verdict for the defendant was demanded.   This judgment was affirmed on the ground that the evidence did not demand a verdict for the plaintiffs.   *Daniel* v. *Mitchell,* 176 *Ga.* 353 (168 S. E. 12).   On the second trial, after introduction of evidence (the plaintiffs having introduced the entire brief of the evidence introduced at the former trial), counsel for the plaintiffs stated that, in view of the ruling by the judge upon the previous motion for new trial, he (counsel) did not see how the judge "under that view of the law" could do other than direct a verdict, saying, however, in the same connection that counsel did not take that view, and reserved "all rights to except to the ruling directing a verdict."   Counsel for the defendant moved for a directed verdict in favor of the defendant, and the court granted this motion "over the objections and protest to said motion, and upon the reservation by counsel for plaintiffs of all their rights and exceptions to the ruling directing said verdict."   The bill of exceptions contains a valid and proper assignment of error on the order directing a verdict.

■   The direction of a verdict for the defendant can not be affirmed by this court upon the ground that the ruling was invited by counsel for the plaintiffs.   Taking the language of the attorney as a whole, and considering it in connection with the recitals in the bill of exceptions and the previous history of the case, it is apparent that the attorney was merely expressing his respect for the view of the trial judge as indicated in his grant of the previous new trial, and that there was no intention on the part of counsel to invite the direction of a verdict for the defendant.

■   Upon a careful examination of the record it is plain that there were several material issues of fact which should have been

**534**

submitted to the jury for their determination. The court erred in directing the verdict.

*Judgment reversed. All the Justices concur.*